**In re STA–POWER INDUSTRIES SE-CURITIES AND ANTITRUST LITIGATION.**
**No. 151.**

Judicial Panel on Multidistrict Litigation.
March 27, 1974.

---

OPINION AND ORDER

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III *, and STANLEY A. WEIGEL, Judges of the Panel.

* Although Judge Lord was unable to attend the Panel hearing, he has, with the consent of all parties, participated in this decision.

PER CURIAM.

This litigation consists of four actions in four different districts against Sta-Power Industries, Inc. and certain closely related companies and individuals.[1] Defendant Sta-Power moves the Panel for an order transferring all actions to the Northern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. All parties except plaintiffs in the Colorado action favor transfer of their respective actions. We find that all of these actions involve common questions of fact and that transfer to the Northern District of California will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Plaintiffs in these actions allege that defendants' activities concerning Sta-Power's multilevel sales and distribution system were fraudulent and in violation of the federal securities and antitrust laws. In addition, plaintiffs in three of the actions purport to represent a class comprised of distributors of Sta-Power products.

██ Because all actions in this litigation clearly raise common factual issues, transfer for coordinated or consolidated pretrial proceedings is necessary in order to avoid duplication of discovery. Transfer will also eliminate the possibility of inconsistent class determinations. *See, e. g.,* In re Holiday Magic Securities and Antitrust Litigation, 368 F. Supp. 806 (Jud.Pan.Mult.Lit.1973) and In re Glenn W. Turner Enterprises Litigation, 355 F.Supp. 1402 (Jud.Pan. Mult.Lit.1973).

██ In opposing transfer, plaintiffs in the Colorado action argue that few common questions of fact exist between their action and the other actions in this litigation, that transfer will be inconvenient to them and their witnesses and that the just and efficient conduct of their action will be best promoted in Colorado. We are not persuaded by these arguments and find that the criteria for transfer of the Colorado action under Section 1407 are clearly satisfied. This action raises many factual issues concerning alleged violations of the federal securities laws identical to those raised in the other actions in this litigation. And in weighing the convenience of the parties and attempting to promote the just and efficient conduct of the litigation, we are compelled to consider the litigation as a whole. In so doing, we find that the purposes of Section 1407 will be advanced by transferring all actions in this litigation to a single district for coordinated or consolidated pretrial proceedings.

Although the District of Arizona has been suggested as the transferee district for this litigation, we find that the Northern District of California is the most appropriate forum. Sta-Power's home office is located in that district and the vast majority of documents and anticipated witnesses are located there. In addition, there is an action pending in the Northern District of California brought by the Securities and Exchange Commission against Sta-Power and Holiday Magic, Inc., another company engaged in multilevel marketing, which involves factual issues similar to the ones involved here. And Judge Lloyd H. Burke, who has been assigned to the SEC action, has had an opportunity to become thoroughly familiar with those issues.

██ Plaintiffs in the Colorado action seek an order from the Panel dismissing the motion to transfer to the extent that it affects their action on the ground that they were not included on the origi-

---

1. Two additional actions were formerly pending in the District of Minnesota, Thomas Edward Bray, et al. v. Sta-Power Industries, Inc., Civil Action No. 3–73–148–Civil, and John Penterman, et al. v. Sta-Power Industries, Inc., et al., Civil Action No. 3–73– 136–Civil. Shortly before the Panel hearing, the Minnesota district court entered an order remanding the *Bray* action to state court. And soon after the Panel hearing, the Minnesota district court entered an order dismissing the *Penterman* action.

nal service list accompanying the motion to transfer. It is clear, however, that plaintiffs were not prejudiced in any way. Plaintiffs concede that they received notice of the Panel proceedings more than three weeks prior to the hearing. And, in fact, they filed a brief opposing transfer of their action under Section 1407 and also appeared at the hearing and orally argued their case. We find that counsel for plaintiffs have had sufficient time to prepare their clients' case and have ably represented them in this matter. Thus, we must deny their request.

It is therefore ordered that all actions listed on the appended Schedule A pending in districts other than the Northern District of California be, and the same hereby are, transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Lloyd H. Burke for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the action already pending in that district and listed on Schedule A.

## SCHEDULE A

### Northern District of California

Julio R. Sosa, et al. v. Sta-Power Industries, Inc., et al.

Civil Action
No. C–72–2121–OJC

### District of Arizona

Thurman Linker, etc. v. Sta-Power, et al.

Civil Action
No. 72–428–Phx–WPC

### Eastern District of Pennsylvania

Joel R. Gravitz v. Sta-Power Industries, Inc., et al.

Civil Action
No. 73–330

### District of Colorado

Kent Carpenter, et al. v. Sta-Power Industries, Inc., et al.

Civil Action
No. C–5265