**In re PENNSYLVANIA LIFE COMPANY SECURITIES LITIGATION.**

**No. 183.**

Judicial Panel on Multidistrict Litigation.

Feb. 13, 1975.

Arnold B. Elkind, Elkind, Lampson & Sable, New York City, for Irene Janeczko (A–1), Leonard Kaufer (A–4).

Philip Jones, Wolf, Popper, Ross, Wolf & Jones, New York City, for Maurice Paprin (A–2 & A–5).

R. Alan Stotsenburg, New York City, for Bernard Krumholz (A–3).

Lionel G. Gross, Bruce A. Spear, Altheimer & Gray, Chicago, Ill., for David Benyas, et al (A–7).

David B. Flinn, Cerf, Robinson & Leland, San Francisco, Cal., for Michael C. Fields, et al.

Kreindler & Kreindler, New York City, for Meyer D. Rich (B–1).

Peter A. Lewine, Demler, Perona, Langer, Bergkvist, Lauchengco & Le-

wine, Long Beach, Cal., for Morris Stark, et ux (C–1).

Rodman Ward, Jr., Prickett, Ward, Burt & Sanders, Wilmington, Del., for Edward R. Lehman (B–2).

Gibson, Dunn & Crutcher, Los Angeles, Cal., for Pennsylvania Life Company.

Thomas J. Schwarz, Skadden, Arps, Slate, Meagher & Flom, New York City, for Pennsylvania Life Insurance Company, Glenwood Securities Company, Benesch Friedlander, Mendelson & Coplan, Robert C. Coplan, George N. Aranoff.

Powell Pierpoint, Hughes, Hubbard & Reed, New York City, for Coopers & Lybrand.

Robert B. Fiske, Jr., Davis, Polk & Wardwell, New York City, for Smith, Barney & Co.

Landon Morris, Morris & Polich, Los Angeles, Cal., for Harry M. Bardt.

Wyman, Bautzer, Rothman & Kuchel, Beverly Hills, Cal., for Joe D. Bain, Stanley Beyer, Burton Borman, Donald R. Hodder, Alfred Schaeffer, Daniel J. DiSipio, G. Phillip Streatfield.

Dykema, Gossett, Spencer, Goodnow, & Trigg, Detroit, Mich., for Penn General Agencies, Inc.

W. Leonard Newman, W. New York, N. J., Stanley Goldblum, Beverly Hills, Cal., Jarvis Farley, Edward R. Noyes, Jr., M. Colyn Crum, George N. Aronoff, Joseph E. Sargis, Robert M. Shafton, and Charney Borin, for International Equities, Ltd., Burton Davis, Jack Birnberg.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, ED-WARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III*, and STANLEY A. WEIGEL*, Judges of the Panel.

## OPINION AND ORDER

### PER CURIAM.

All actions in this litigation allege violations of various federal securities laws involving the sale of Pennsylvania Life Co. (PLC) securities. Except the *Benyas* action in the Eastern District of Michigan,[1] each action appears to focus primarily upon the alleged failure of PLC's directors and officers to divulge material information to the investing public concerning the nature and extent of various business dealings between PLC and the Equity Funding Corporation of America (EFCA), including their respective subsidiaries. These business transactions are alleged to have had a substantially adverse effect upon PLC's financial condition and, consequently, upon the value of its securities.

Basically, the eleven actions that have been instituted in five districts can be categorized into two groups. One group is comprised of five purported class actions on behalf of all purchasers of PLC common stock securities during various periods from 1969 through 1973. Plaintiffs allege that the investing public was defrauded both by defendants' nondisclosure of material facts and by their issuance of false and misleading financial statements, which artificially inflated the price of PLC securities. The other group contains six actions brought by individuals who allege that they were defrauded into selling their insurance agencies to PLC or one of its subsidiaries in exchange for PLC securities.

Plaintiff Krumholz moves the Panel for an order transferring all actions to

---

* Although Judges Lord and Weigel were unable to attend the Panel hearing, they have, with the consent of all parties, participated in this decision.

1. David Benyas, et al. v. Pennsylvania Life Company and Penn General Agencies, E.D. Michigan, Civil Action No. 4–71318.

the Central District of California. While all of the parties agree that some coordination of these actions for pretrial proceedings is necessary, they disagree both as to the number of actions to be transferred and as to the most appropriate transferee forum. With the exception of the *Benyas* action, we find that all actions involve common questions of fact and that their transfer to the Central District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

■ The first dispute amongst the parties concerns the appropriate actions to transfer to a single district for coordinated or consolidated pretrial proceedings. Some parties contend that all actions should be transferred, while other parties would exclude the *Benyas* action. A third group proposes the transfer of all class actions, with the individual actions remaining in their respective districts. Except for the *Benyas* action, which will be discussed *infra*, we are convinced that transfer of all actions to the same district for pretrial supervision by a single judge is the sensible approach to eliminate duplication of discovery and to prevent inconsistent pretrial decisions. Common factual questions clearly prevade all of the actions and a majority of the documents and witnesses relevant in the purported class actions will be pertinent in the individual actions. As a result, we perceive no justification for conducting separate pretrial proceedings of the class and individual actions. A schedule of pretrial matters unique to a particular action can, of course, be designated at the discretion of the transferee judge.

The second controversy amongst the parties centers upon the most appropriate transferee forum for this litigation. A substantial minority of parties favor the transfer of some of these actions to the Southern District of New York because two judges in that district have

been supervising five of the eleven actions in this litigation for over a year. One party desires the transfer of certain actions to the District of Delaware because there is substantially less calendar congestion in that district than in either the Central District of California or the Southern District of New York. We are not persuaded by the arguments favoring transfer to either of these districts. Instead, we agree with the majority of the parties that the Central District of California is the best location for the pretrial processing of this litigation pursuant to Section 1407. Most of the corporate and individual defendants can be found there, along with their records and documents.

*The Benyas Action*

■ This action is a private contract dispute involving operative facts distinct from the other actions. For example, the only defendants in *Benyas* are PLC and Penn General Agencies, Inc. (PGA), a PLC partially-owned subsidiary, and not auditors, directors or officers named as defendants in the other ten actions. In addition, it appears that the documents relied upon by plaintiffs in *Benyas* to prove their claims are different from those relied upon by the plaintiffs in the remainder of the litigation. Moreover, *Benyas* involves several alleged oral misrepresentations, whereas the other actions focus on alleged written misrepresentations. Finally, and most importantly, since PGA entered into long-term management contracts with plaintiff Benyas, whereby Benyas was to operate the two insurance agencies that he sold to PLC, the *Benyas* action has developed into a struggle for actual control of the two agencies. This problem is unique to the action and has necessitated substantial involvement by the Michigan court in the daily business operations of the two agencies.

Because of the unique problem in *Benyas* and the fact that it raises only limited questions of fact common to the other actions, the *Benyas* action should

remain in the Eastern District of Michigan. It would be improvident to saddle the transferee court with the acute burden of supervising the daily business operations of the two insurance agencies over which plaintiff Benyas and defendant PLC are struggling for control. And we are confident that if there is any potential duplication of discovery, counsel will cooperate and arrange to have that discovery take place but once.

It is therefore ORDERED that all actions listed on the attached Schedule A pending in districts other than the Central District of California be, and the same hereby are, transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Manuel L. Real for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the actions listed on Schedule A and pending in that district.

It is further ORDERED that transfer of David Benyas, et. al. v. Pennsylvania Life Company and Penn General Agencies, E.D. Mich., Civil Action No. 4–71318, pursuant to 28 U.S.C. § 1407 be, and the same hereby is, denied.

## SCHEDULE A

### Southern District of New York

| | |
|---|---|
| Irene Janeczko v. Pennsylvania Life Company, et al. | Civil Action No. 73 Civ. 2491 |
| Maurice Paprin v. Pennsylvania Life Company, et al. | Civil Action No. 74 Civ. 2581 |
| Bernard Krumholz v. Smith, Barney & Co., Inc., et al. | Civil Action No. 74 Civ. 2930 |
| Leonard Kaufer v. Pennsylvania Life Company, et al. | Civil Action No. 74 Civ. 3051 |
| Maurice Paprin v. Pennsylvania Life Company, et al. | Civil Action No. 74 Civ. 3178 |

### Central District of California

| | |
|---|---|
| Michael C. Fields, et al. v. Pennsylvania Life Company, et al. | Civil Action No. CV–74–950–AAH |
| Meyer D. Rich v. Pennsylvania Life Company, et al. | Civil Action No. CV–74–2212–R |
| Morris Stark, et ux. v. Pennsylvania Life Co., et al. | Civil Action No. CV–74–2623–RJK |

### District of New Jersey

| | |
|---|---|
| Pennsylvania Life Company v. International Equities Ltd., et al. | Civil Action No. 788–73 |

### District of Delaware

| | |
|---|---|
| Edward R. Lehman v. Pennsylvania Life Company, et al. | Civil Action No. 74–156 |