**In re STA–POWER INDUSTRIES, INC. SECURITIES & ANTITRUST LITIGATION.**

*Daniel Thomas, et al. v. Alexander Taylor, et al.*, D.Kansas, Civil Action No. 75–59–C–2.

**No. 151.**

Judicial Panel on Multidistrict Litigation.

Nov. 24, 1975.

---

OPINION AND ORDER

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM *,

EDWARD WEINFELD, EDWIN A. ROBSON *, WILLIAM H. BECKER *, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

PER CURIAM.

The Panel previously transferred all actions in this litigation to the Northern District of California and, with the consent of that court, assigned them to the Honorable Lloyd H. Burke for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *In re Sta-Power Industries, Inc. Securities & Antitrust Litigation*, 372 F.Supp. 1398 (J.P.M.L.1974). Since the above-captioned action appeared to involve factual issues common to the previously transferred actions, the Panel issued an order conditionally transferring it to the Northern District of California.[1] Plaintiffs move the Panel for an order vacating the conditional transfer order. Sta-Power Industries, Inc., U. S. Universal, Inc. and Alexander Taylor, Inc., defendants in both this action and the litigation in the transferee district, oppose the motion.

We find that this action raises questions of fact common to the actions previously transferred to the Northern District of California and that its transfer to that district for Section 1407 proceedings will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

A partial class action settlement has been approved by the transferee court between all defendants named in *Thomas*, among others, and a class of plaintiffs defined to include all distributors of Sta-Power products. Two of the three plaintiffs in *Thomas* were members of the settling class, but they, as well as other individuals, opted-out of the settlement. It is unclear whether the third plaintiff was a member of the

---

* Although Judges Wisdom, Robson and Becker were unable to attend the Panel hearing, they have, with the consent of all parties, participated in this decision.

1. See R.P.J.P.M.L. 9, 65 F.R.D. 253, 259–60 (1975).

settling class and, if so, whether he opted-out. Like the plaintiffs in the transferee district, the *Thomas* plaintiffs allege that defendants fraudulently induced them to participate in Sta-Power's multi-level marketing system.

Plaintiffs concede that this action shares common questions of fact with the previously transferred actions, but they argue that transfer to the Northern District of California would inconvenience the parties and witnesses and cause them to incur unnecessary additional expense. At the hearing the plaintiffs represented to the Panel that they require no further discovery and are ready to go to trial immediately. They maintain that transfer is inappropriate because any additional discovery will be sought only by defendants and will involve only local witnesses in Kansas City. Defendants state that, indeed, they will require further discovery.

We are persuaded that transfer of *Thomas* is warranted. If, in fact, no additional discovery is required by any party and the action is ready for trial, the transferee judge may suggest that the Panel remand the action to the District of Kansas. *See R.P.J.P.M.L.* 11, 65 F.R.D. 253, 260–63 (1975). And if there is a need for additional discovery, the transferee judge, who is well-acquainted with the issues involved in this litigation, is in the best position to formulate a pretrial schedule that will minimize the overall expense to the parties and ensure the most just and expeditious termination of *Thomas* as well as the litigation taken as a whole. Moreover, we are advised that other individuals who have opted-out of the settlement are pursuing their claims in the transferee district and that these claims are similar to those asserted by the *Thomas* plaintiffs. Thus, transfer of this action for inclusion in the Section 1407 proceedings is necessary in order to eliminate the possibility of duplication of discovery, prevent inconsistent pretrial rulings and economize judicial effort.

Of course, transfer of this action to California does not mean that all discovery must occur there. For example, if any party seeks the deposition of a witness who resides in Kansas City, the witness will likely be deposed there. *See* Fed.R.Civ.P. 45(d)(2).

It is therefore ordered that, pursuant to 28 U.S.C. § 1407, the action entitled *Daniel Thomas, et al. v. Alexander Taylor, et al*, D. Kansas, Civil Action No. 75–59–C–2, be, and the same hereby is, transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Lloyd H. Burke for coordinated or consolidated pretrial proceedings with the actions previously transferred to that district.