## In re PENNSYLVANIA LIFE COMPANY SECURITIES LITIGATION.

*David J. Levitt, et al. v. Pennsylvania Life Ins. Co., et al.*, E.D.Pennsylvania, Civil Action No. 77–142

### No. 183.

Judicial Panel on Multidistrict Litigation.

Aug. 31, 1977.

## OPINION AND ORDER

Before JOHN MINOR WISDOM, Chairman, and EDWARD WEINFELD, EDWIN A. ROBSON, JOSEPH S. LORD, III *, STANLEY A. WEIGEL, ANDREW A. CAFFREY, and ROY W. HARPER *, Judges of the Panel.

PER CURIAM.

The Panel, pursuant to 28 U.S.C. § 1407, previously transferred several actions in this litigation to the Central District of California and, with the consent of that court, assigned them to the Honorable Manuel L. Real for coordinated or consolidated pretrial proceedings with related actions already pending there. *In re Pennsylvania Life Company Securities Litigation,* 389 F.Supp. 981 (Jud.Pan.Mult.Lit.1975). The plaintiffs in the actions in the transferee district allege violations of the federal securities laws, *inter alia,* in connection with the sale of Pennsylvania Life Company (PLC) securities. The actions focus primarily on the alleged failure of PLC's officers and directors to divulge information to the investing public concerning various business dealings of PLC and certain of its subsidiaries with Equity Funding Corporation of America and certain of its subsidiaries. These business transactions are alleged to have had a substantial adverse effect upon PLC's financial condition and, consequently, upon the value of its securities.

The actions in the transferee district are of two basic types. One group of actions (open market purchaser actions) were brought by purchasers of PLC common stock on the open market. Judge Real certified a class in those actions which consisted of various persons who purchased PLC common stock on the open market during the period from April 8, 1970, through October 20, 1973. On March 22, 1977, Judge Real approved a settlement regarding the open market purchaser class and ordered the dismissal of the claims on behalf of all members of the open market purchaser class, with the exception of twenty individuals who had opted out of that class. Some open market purchaser actions in the transferee district which were brought by persons who opted out of the class are still pending.

Another group of actions in the transferee district (broker actions) were brought by individuals who allege that they were defrauded into selling their insurance agencies to PLC or one of its subsidiaries in exchange for which they received PLC securities at an inflated price.

The above-captioned action, *Levitt,* was recently brought under the federal securities laws and principles of common law fraud by five of the individual purchasers of PLC common stock who had opted out of the class that was determined in the transferee district. Defendants are PLC and PLC's accountants. Plaintiffs in *Levitt* allege that the defendants, by concealing the true financial condition of PLC, wrongfully induced plaintiffs to purchase 15,000 shares of PLC stock at an artificially inflated price.

Since *Levitt* appeared to involve questions of fact common to those in the actions previously transferred, the Panel ordered the parties to show cause why this action should not also be transferred to the Central District of California for inclusion in the Section 1407 pretrial proceedings in that district. *See* Rule 10(b), R.P.J.P.M.L., 65 F.R.D. 253, 260 (1975). Defendants favor transfer while the plaintiffs in *Levitt* oppose transfer.

We find that *Levitt* involves common questions of fact with the previously transferred actions, and that its transfer to the Central District of California under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Plaintiffs in *Levitt* contend that the open market purchaser phase of this litigation has, for all practical purposes, been concluded by the court-approved settlement between defendants and the class of open market purchasers. As a result of that settlement, plaintiffs in *Levitt* maintain,

* Judges Lord and Harper took no part in the consideration or decision of this matter.

only the broker actions, which are unrelated to *Levitt,* are active in the transferee district. Therefore, these plaintiffs assert, transfer of *Levitt* is inappropriate at this stage of the proceedings in the transferee district.

We find these arguments unpersuasive. *Levitt* and all the previously transferred actions in this litigation, whether open market purchaser actions or broker actions, involve common questions of fact concerning the business dealings between PLC and Equity Funding, and the alleged failure of PLC's officers and directors to divulge information concerning those business dealings. *See In re Pennsylvania Life Company Securities Litigation, supra,* 389 F.Supp. at 982–83. *Levitt* of course shares factual questions with the other actions still pending in the transferee district that have been brought by individuals who opted out of the class of open market purchasers.[1] Thus, transfer of *Levitt* for inclusion in the Section 1407 proceedings is necessary in order to prevent duplicative discovery, eliminate any possibility of conflicting pretrial rulings and conserve time and effort for the parties, the witnesses and the judiciary. *See In re Sta-Power Industries, Inc. Securities and Antitrust Litigation,* 404 F.Supp. 476, 477 (Jud.Pan.Mult.Lit.1975); *In re Four*

*Seasons Securities Laws Litigation,* 352 F.Supp. 964, 965–66 (Jud.Pan.Mult.Lit. 1973). The transferee judge, because of his familiarity with the issues involved in this litigation, is surely in the best position to integrate discovery proceedings in *Levitt* with proceedings in the previously transferred actions. Moreover, any relevant discovery heretofore completed in the transferee district may be made applicable to *Levitt* by utilizing the procedures recommended in the *Manual for Complex Litigation,* Parts I and II, §§ 3.11 (rev. ed. 1977).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action entitled *David J. Levitt, et al. v. Pennsylvania Life Co., et al.,* E.D.Pennsylvania, Civil Action No. 77–142, be, and the same hereby is, transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Manuel L. Real for coordinated or consolidated pretrial proceedings with the actions previously transferred to that district.

---

1. Defendants state that other individuals who opted out of the class in the transferee district may file additional actions.